14-3102-cr
*United States v. Stone*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand fifteen.

PRESENT:  AMALYA L. KEARSE,
JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*                                   No. 14-3102-cr

v.

DWAYNE STONE, also known as "Divine,"

*Defendant-Appellant.*[*]

---

**FOR DWAYNE STONE:**                RANDOLPH Z. VOLKELL, Attorney at Law, Merrick, NY.

**FOR UNITED STATES OF AMERICA:**    NOMI D. BERENSON (Peter A. Norling *and* David C. James, *of Counsel*), Assistant

---

[*] The Clerk of Court is directed to amend the caption of the order as set forth above.

United States Attorneys, *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Dwayne Stone appeals from a judgment entered on August 11, 2014, resentencing him to 480 months' imprisonment, which he contends violates the Eighth Amendment under *Miller v. Alabama*, 132 S. Ct. 2455 (2012) (holding that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on "cruel and unusual punishments"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## BACKGROUND

Following a jury trial, Stone, a former member of a violent Brooklyn, New York, gang, was convicted on February 4, 2008, on eight counts, arising in part from his murder of a rival gang member, including racketeering (count 1), racketeering conspiracy (count 2), conspiracy to distribute and possess with intent to distribute cocaine base (count 3), possession of a firearm in connection with a drug-trafficking crime (count 4), conspiracy to murder in aid of racketeering (count 11), murder in aid of racketeering (count 12), possession and use of a firearm in relation to a crime of violence (count 13), and possession of a stolen firearm (count 22). On July 25, 2008, the District Court sentenced Stone on count 12 to a mandatory term of life imprisonment, as well as to lesser terms on other counts. In 2009, we affirmed the judgment of conviction. *See United States v. Nieves*, 354 F. App'x 547 (2d Cir. 2009).

After the Supreme Court held, in 2012, that mandatory sentences of life without parole for those under the age of 18 at the time of their crimes violate the Eighth Amendment's prohibition on "cruel and unusual punishments," *Miller*, 132 S. Ct. at 2460, Stone sought habeas relief in the District Court under 28 U.S.C. § 2255. On July 26, 2013, the District Court granted Stone's petition to vacate his sentence, set a briefing schedule, and scheduled his resentencing hearing. Prior to the resentencing, Stone submitted several sentencing memoranda, urging the Court not to impose a sentence of life imprisonment, and recommending instead a sentence principally of 480 months' imprisonment.

On August 11, 2014, the Court resentenced Stone principally to a term of 480 months' imprisonment. This overall sentence was comprised of the following discrete sentences imposed by

the Court: 120 months' imprisonment on each of counts 1, 2, 3 (the mandatory-minimum sentence), 11, and 12, to run concurrently; 41 months' imprisonment on count 22, to run concurrently with the foregoing 120-month terms; and 60 months' imprisonment on count 4 (the mandatory-minimum sentence) and 300 months' imprisonment on count 13 (the mandatory-minimum sentence), with the 60-month term running consecutive to the 120-month terms, and the 300-month term running consecutive to the 60-month term. In resentencing Stone, the Court discussed the principles espoused in *Miller*. Stone did not object to the sentence, which was consistent with the sentence he had requested in sentencing memoranda submitted to the Court.

On appeal, Stone argues that his 480-month sentence violates *Miller* because the Court "had no discretion to sentence [him] to less than the 40 years imposed, which is the functional equivalent of life in prison without parole." Stone argues that, although *Miller* addressed actual life sentences, its reasoning, along with the reasoning in *Graham v. Florida*, 560 U.S. 48 (2010), "can be applied to lengthy term-of-years sentences as well." The government counters that "Stone will be eligible for release from so much of his incarceratory period as is based upon his conduct as a minor at a point at which he is reasonably likely to be alive." For the reasons that follow, we conclude that Stone's contention that his 480-month sentence is error has been waived.

**DISCUSSION**

"[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). "Deviation from a legal rule is 'error' *unless the rule has been waived.*" *Id.* at 732–33 (emphasis added). If "a particular right is waivable," and if the defendant has "knowingly and voluntarily" made the choice to forgo that right, a decision made in accordance with that choice "is not error." *Id.* at 733 (internal quotation marks omitted). "A finding of true waiver" is particularly appropriate "when . . . defendants not only failed to object to what they now describe as error, but they actively solicited it." *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007). Where a defendant "has *waived*—that is, intentionally relinquished or abandoned, *Olano*, 507 U.S.[] at 733—[his] right to" avoid the ruling challenged on appeal, "*there [was] no error at all and plain-error analysis would add nothing.*" *Puckett v. United States*, 556 U.S. 129, 138 (2009) (first emphasis in original; second emphasis added).

In the present case, as indicated above, Stone not only did not object to the imposition of a 480-month (40-year) sentence, he in fact recommended that sentence. His then-attorney arrived at that total by adding consecutive sentences of 10, 5, and 25 years:

> *10 years* on counts 1, 2, 3[,] 11 and 12 to run concurrent with each other and with 41 months on count 22; *to be followed by 5 years consecutive* on count 4 *and 25 years consecutive* on count 13.

3

Appellant's Sentencing Mem. at 24, *United States v. Stone*, No. 05-cr-401-ILG-1 (July 15, 2014) (emphases added). With regard to this calculation, Stone advised the District Court as follows:

> Were this court to impose th[is] . . . sentence . . . such a sentence would be sufficient but not greater than necessary to reach t[he] sentencing goals of Congress, and *would comply with Eighth Amendment concerns discussed by the Supreme Court in* Miller *and provide Dwayne Stone with the hope of returning to society* . . . .

*Id.* (emphases added). Stone, represented by counsel, urged the District Court to impose the 480-month sentence and expressly represented to the District Court that that sentence would comport with the Supreme Court's ruling in *Miller* and allow Stone to return to society upon the sentence's completion. He plainly waived any right to argue, as he does on this appeal, that the sentence exceeds his life expectancy and violates *Miller*.

## CONCLUSION

We have considered all of Stone's arguments and find them to be without merit. Accordingly, we **AFFIRM** the August 11, 2014, judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4